UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-CR-00167 |
| | : | |
| JULIAN GENTRY, | : | |
| | : | |
| also known as Julian Wesley Gertry, | : | |
| also known as Julian Westly, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) (felony involving possession of a firearm) and 18 U.S.C. § 3142 (d)(1)(A)(i) (release pending trial for a felony) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

**Introduction**

Julian Gentry is a thirty-two year old male who has a troubling pattern of dangerous criminal conduct and violating conditions of release. On balance, all of the relevant factors in this case weigh heavily in favor of pretrial detention.

Defendant has an extensive criminal history, including convictions involving assaultive conduct, including:

1

- On September 29, 2011, Defendant pled guilty in the Third Judicial Circuit Court in the state of Michigan to one felony count of Delivery/Manufacturing a Controlled Substance (marijuana) (Case No. 11-009564-01-FH) and was sentenced on October 14, 2011. *See* Ex. A (Docket Results for Case No. 11-009564-01-FH).

- On May 12, 2011, Defendant entered a plea of *nolo contendere* in the Third Judicial Circuit Court in the state of Michigan to one felony count of receiving and concealing stolen property (motor vehicle) and was sentenced on September 27, 2011 (Case No. 11-001167-01-FH). *See* Ex. B (Docket Results for Case No. 11-001167-01-FH).

- On April 3, 2013 Defendant was found guilty by a jury in the Third Judicial Circuit Court in the state of Michigan for one count of felony Possession of a Controlled Substance (narcotic or cocaine) Less than 25 Grams and sentenced on April 26, 2013 (Case No. 12-010971-01-FH). *See* Ex. C (Docket Results for Case No. 12-010971-01-FH).

- On January 11, 2019, Defendant pled guilty and was sentenced to 45 days incarceration, execution of sentence suspended as to all but time served and placed on 6 months of unsupervised probation in D.C. Superior Court for one misdemeanor count of Destruction of Property less than $1,000 (Case No. 2018-CMD-015852), for damaging the hood of a Metropolitan Police Department vehicle with his fists. *See* Ex. D (Gerstein and Judgement and Commitment Order, 2018-CMD-015852).

- On February 27, 2020 Defendant pled guilty and was sentenced to 14 days incarceration, execution of sentence suspended as to all and 6 months of unsupervised probation in D.C. Superior Court for one misdemeanor count of Simple Assault (2019-CMD-012065) for assaulting a woman who asked him to pay for items he was attempting to steal from a store. *See* Ex. E (Gerstein and Judgement and Commitment Order, 2019-CMD-12065).

Additionally, the defendant is currently pending trial for one felony count of Fleeing Law Enforcement from September 26, 2021 in 2021-CF2-005525 and three misdemeanor counts of Assault on a Police Officer and one count of Resisting Arrest from January 2, 2022 in 2022-CMD-000049 in D.C. Superior Court.[1] The defendant was placed on high intensity supervision,

---

[1] Based on review of police paperwork, after the defendant fled from officers, he exited his vehicle and ran on foot. While running from officers, the officers observed the defendant attempt to enter an occupied minivan by pulling on the driver's side door of the vehicle. The vehicle was occupied

including GPS monitoring, in the 2021-CF2-005525 case on April 18, 2022 after numerous Notices of Non-compliances were filed for the defendant's failures to comply with pre-trial release conditions and to appear for court. *See* Ex. F (High Intensity Supervision Contract)

Defendant now finds himself charged by federal Indictment for the possession of a loaded firearm, while on pretrial supervision in two D.C. Superior Court cases. He is charged with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1).

The defendant's cluster of prior convictions and pending charges involving violence, firearms, alleged efforts to evade police, including assaultive conduct against law enforcement, and frequent violations of release conditions, coupled with his decision to unlawfully obtain and carry a firearm while on supervision, show an inability to comply with any release conditions that the Court might impose. Despite being afforded the opportunity of community supervision in his Superior Court cases, he instead armed himself with a loaded firearm and was apprehended after attempting to run from officers while possessing the loaded firearm. For the reasons below, the government submits the defendant should be held without bond pending trial to ensure the safety of the community and his appearance at future court hearings.

## Procedural History and Applicable Authority

On May 16, 2022 a federal grand jury returned an Indictment charging Defendant Gentry with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C.

---

by a female driver and two children in the backseat. The defendant was not able to gain entry into the minivan and then continued running from officers. *See* Ex. H (Gerstein Affidavit dated September 26, 2021, in CCN 21138594).

3

§ 922(g)(1), for the unlawful possession of a Smith & Wesson SD – 40VE semiautomatic pistol and ammunition on May 1, 2022.[2]

At the initial appearance on May 17, 2022, the government will orally move for detention pending trial pursuant to 18 U.S.C. §§ 3142(f)(1)(E) (involving firearm or other dangerous weapon) and 18 U.S.C. § 3142 (d)(1)(A)(i) (release pending trial for a felony) of the federal bail statute.

The government contends that the defendant is a danger to the community. It is the government's burden to establish this by clear and convincing evidence. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). In light of the facts and circumstances in this case and the defendant's history and characteristics, the government asks that the Court conclude that there is no condition or combination of conditions that would assure the safety of the community or the defendant's appearance at future proceedings. Therefore, Defendant Gentry should be detained. *See* 18 U.S.C. § 3142(e)(1).

---

[2] The case was originally papered in D.C. Superior Court (Case No. 2022-CF2-002431), and the defendant was held at presentment on March 2, 2022. However, as he has now been indicted in District Court, the government will move to dismiss that case after the defendant's initial appearance in District Court.

**Nature and Circumstances of the Offenses Charged**

On May 1, 2022, at approximately 1:24 am, members of Metropolitan Police Department ("MPD") officers were on patrol in Chinatown near 7th and H Street N.W., Washington D.C., when they received a radio run lookout for three black males – one wearing a white dress shirt observed with a firearm in the waistline of his pants (later identified as the defendant Julian Gentry), one wearing a black hooded sweatshirt, and another wearing a yellow hooded sweatshirt. Approximately thirty minutes later, Officers Peter Franz, Abraham Hovsapien, and Nakia Clark observed three men matching the lookout description in the reported area.

Officer Hovsapien placed a call to the complaining witness ("CW") and confirmed that Julian Gentry brandished a firearm tucked in his waistband to the CW. Based on this information, officers approached the three males and Defendant Gentry started to walk away, not heeding law enforcement's requests to stop. Defendant Gentry attempted to take off with unprovoked flight, but was quickly apprehended by Officers Hovsapien and Franz. Officer Hovsapien felt an L-shaped metallic object on Defendant Gentry's right-side waistband and upon lifting Defendant Gentry's shirt, observed a black handle grip to a firearm protruding. Officer Hovsapien secured the firearm from the defendant.

The officers' follow-up investigation revealed the firearm was a Smith and Wesson SD – 40VE handgun with a serial number of "FDH7278". A search of the weapon itself revealed it had one (1) round of .40 caliber ammunition in the chamber, with a magazine that contained twelve (12) rounds of .40 caliber ammunition ad had a capacity to hold fourteen (14) rounds. During the search incident to arrest, Officer Andrew Chan discovered Defendant Gentry had a loose round of .40 caliber ammunition in his left front pocket. Law enforcement records revealed that the firearm was previously reported stolen to the Detroit Police Department.

As set forth above, the first factor, the nature and circumstances of the offense charged, weighs in favor of detention. Here, the defendant was illegally in possession of a semiautomatic pistol with a near-fully loaded 14-round magazine. The nature of this offense weighs in favor of detention.

## **Weight of the Evidence Against the Defendant**

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is strong. As set forth above, the officers observed the defendant very shortly after receiving the radio run lookout in the reported location. When approached by officers, the defendant quickly tried to escape. The CW confirmed that the defendant brandished a firearm to him shortly before officers we able to apprehend him and once stopped, the defendant did in fact have a loaded firearm tucked in his waistline.

Body-worn camera footage captures the officers' encounters with the defendant, including the phone call with the CW before officers approached Defendant Gentry. Notably, still photographs of Officer Hovsapien's BWC, though somewhat obscured, show the firearm being removed from the defendant's waistband. *See* Ex. G. There is no genuine potential Fourth Amendment challenge or other issue the defendant may argue that would weaken the evidence against him. Finally, the firearm's magazine was loaded with 12 rounds of ammunition, with an additional round in the chamber.

## **Defendant Gentry's History and Characteristics**

The third factor, the history and characteristics of the person, similarly weighs in favor of detention. The defendant has not only three prior felony convictions, but he is also awaiting trial in two Superior Court cases under high intensity supervision for assaultive and dangerous activity at the time that he committed this latest offense.

The nature of his prior convictions and pending cases, including several in close proximity to the instant offense, reflect an obvious disregard for court orders concerning his conditions of release. They demonstrate that Defendant Gentry cannot comply with any conditions of release in the community. Therefore, this factor weighs in favor of detention pending trial in this case.

### **Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The charged offense involves the defendant's possession of a highly dangerous weapon loaded with ammunition, despite being legally barred from such possession as a convicted felon, and despite being on high intensity supervised release pending trial in other matters. The firearm that the defendant possessed had the potential to cause grievous bodily injury (or death) to members of the community, law enforcement, or to the defendant himself. Further, the defendant recklessly brandished the loaded firearm to a member of the community in a threatening fashion. Once he realized officers intended to speak with him, he swiftly took flight. As officers pursued the defendant, he reached for his waistline where the firearm was located, and officers were unsure if the defendant would engage them with the weapon. Defendant Gentry's actions thus created an incredibly dangerous situation for law enforcement, the defendant, and anyone else in the area.

Indeed, other courts have recognized the inherent dangerousness of carrying a concealed, loaded firearm on one's person. *See United States v. Gassaway*, 1:21-cr-00550 (RCL), ECF No. 9 (D.D.C. Sept. 16, 2021) ("This Court agrees with other courts in this district that unlawfully carrying a concealed or loaded firearm in public poses a risk of danger to the public. *See United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great potential to escalate into violence," particularly when defendant's prior convictions indicate a

7

predilection for violence); *United States v. Riggins*, 456 F. Supp. 3d 138, 144 (D.D.C. 2020) ("[T]he possession of a firearm, especially while seemingly on a drug such as PCP, presents a serious danger to the community."); *United States v. Howard*, No. 20-mj-181 (BAH), 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community.").

The defendant's possession of a semiautomatic firearm loaded with 13 rounds of ammunition while walking around the Chinatown area of Washington, D.C. and attempting to elude police on foot, while on supervised release awaiting trial, show plainly he is a danger to the community. This factor, as with the three prior factors, weighs in favor of the defendant being held without bond pending trial.

### There are No Condition or Combination of Conditions that Would Ensure Defendant Gentry's Appearance or Compliance with Court-Ordered Release Conditions

As previously mentioned, the defendant was placed on high intensity supervision and GPS monitoring pending trial for his felony charge due to numerous failures to comply with pretrial release conditions and to appear for court. The defendant had only been on high intensity supervision for a few weeks before the instant offense. His recent conduct—the possession of a semiautomatic pistol loaded with 13 rounds of ammunition—is especially concerning in light of his prior convictions and alleged offenses. The fact that Defendant Gentry obtained this stolen pistol, coupled with his efforts to run from the officers and evade arrest, further rebut any argument that he could be released in the community and be expected to comply with any release conditions. The defendant's inability to comply with the terms of his release supports the government's argument he would circumvent the Court's efforts to reasonably control his behavior through conditions of release and keep the community safe.

**Conclusion**

The Court should grant the government's motion to detain Defendant Gentry pending trial because he has demonstrated that he is a danger to the community.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: */s/ Michael Engallena*
Michael Engallena
NJ Bar No. 018782008
Special Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20001
Phone: (240) 278-2129
Email: michael.engallena@usdoj.gov

*/s/ Kristina Cervi*
Kristina Cervi
D.C. Bar No. 1671948
Special Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20001
Phone: (202) 870-4683
Email: kristina.cervi@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that I caused a copy of the foregoing to be served upon the Court and defense counsel of record electronically on May 17, 2022.

By:   */s/ Michael Engallena*
Michael Engallena
NJ Bar No. 018782008
Special Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
Phone:  (240) 278-2129
Email:  michael.engallena@usdoj.gov

*/s/ Kristina Cervi*
Kristina Cervi
D.C. Bar No. 1671948
Special Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20001
Phone:  (202) 870-4683
Email:  kristina.cervi@usdoj.gov